UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HANOVER INSURANCE
COMPANY,

    Plaintiff,

v.                                                                Case No. 09-cv-14200

ANTONINO GIANNOLA, PATRICIA            HON. STEPHEN J. MURPHY, III
ANDROMACHI GIANNOLA, MICHELE           -Presiding Judge
BIUNDO, and MARIA BIUNDO,

    Defendants.

---

## TEMPORARY RESTRAINING ORDER

This matter having come before the Court upon the Motion of Plaintiff The Hanover Insurance Company ("Hanover") seeking the issuance of a Temporary Restraining Order and/or Preliminary Injunction and the filing of Hanover's Verified Complaint Seeking Injunctive, Declaratory and Other Relief, together with the Affidavits and Exhibits submitted in connection with the Motion, and Brief in Support of Motion, the Court having reviewed the Verified Complaint, Motion, Brief in Support of Motion, and accompanying Affidavits and Exhibits and being otherwise fully advised, now, therefore:

**IT IS HEREBY ORDERED:**

1. Hanover's Motion for a Temporary Restraining Order is **GRANTED,** for the reasons set forth herein and on the record at the hearing held in this matter on October 27, 2009. This Temporary Restraining Order is issued on October 28, 2009 and shall be filed forthwith in the Clerk's office and entered of record.

2. Based upon the Motion, Verified Complaint and accompanying Affidavits and Exhibits, the Court has determined there is a substantial likelihood of irreparable harm to Hanover in the event this Temporary Restraining Order is not issued. Pursuant to a general indemnity agreement (the "GIA") apparently executed by all of the Defendants, each of the Defendants agreed, among other things, to

   indemnify and hold Hanover harmless from all losses, costs, or expenses incurred by Hanover as a result of having issued bonds for or on behalf of any one or more of the Defendants; and agreed to provide payment to Hanover to protect Hanover against any and all losses it may incur in an amount deemed necessary by Hanover, together with costs, expenses, and fees.

3. It further appears to the Court from the Motion, Verified Complaint and accompanying Affidavits and Exhibits submitted by Hanover that Hanover issued a payment bond and a performance bond, each in the sum of $837,853.00, in connection with a construction project known as the Delta Dental Data Center Corporate Office Expansion (the "Delta Dental Project"), a payment bond and a performance bond, each in the sum of $936,426.00, in connection with a construction project for Roseville Community Schools known as the Kment Elementary School Project (the "Kment Project"), a payment bond and a performance bond, each in the sum of $271,045.00, in connection with a construction project for Flatrock Community Schools known as the Simpson Elementary School Project (the "Simpson Project"), and a payment bond and a performance bond, each in the sum of $548,389.00, in connection with a construction project for Flatrock Community Schools known as the Bobcean Elementary School Project (the "Bobcean Project").  It further appears that several claims have been made against Giannola Masonry Company ("Giannola"), the principal on the Bonds, which, in turn exposes Hanover to potential liability under the Bonds, and, pursuant to the parties' GIA, Defendants are required to indemnify and hold Hanover harmless and pay to Hanover the amount deemed necessary by Hanover to protect it from such claims resulting from having issued the Bonds. It further appears that Defendants have breached the obligations owed to Hanover under the GIA, having failed to indemnify and hold Hanover harmless, and having failed to provide Hanover with payment in the amount deemed necessary by Hanover to protect it from such potential liability. Unless Defendants are prohibited from selling, transferring or otherwise disposing of their assets, there is a substantial likelihood that Hanover's bargained-for right to indemnity and payment will be forever lost, thereby resulting in irreparable harm.

4. It is ordered that Defendants are to provide to Hanover a full and complete accounting of all assets owned by them or in which they have an interest.

5. It is ordered that Defendants are restrained from damaging, destroying, removing or otherwise transferring any records, financial, project, or otherwise of or relating to the Projects.   Defendants are specifically ordered to turn over such records, to the extent such records are in the possession of Defendants, to Hanover immediately.

6. It is further ordered that each of the Defendants and their respective executors, heirs, successors, shareholders, directors, officers, agents, attorneys and all of

those acting by, through or in concert with them are prohibited and restrained from selling, transferring, disposing of, or liening any of the Defendants' assets and property or any assets or property in which they have or claim an interest, including, without limitation, bank accounts, real property, personal property, and interests in any investment or venture.   All of the foregoing are also prohibited and restrained from allowing any of the foregoing assets and/or property to be liened or otherwise encumbered for the duration of this Temporary Restraining Order or until further order of this Court, whichever occurs first.   Nothing in this paragraph shall be construed to prevent the Defendants from paying for reasonable day-to-day living expenses.

The matter is referred back to the Honorable Marianne O. Battani for further disposition.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

3